UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JO ANN LEDBETTER and )
STATE OF TENNESSEE )
    on relation of JO ANN LEDBETTER, )
     )
    Plaintiffs, )
     )
v. ) No.: 3:05-CV-248 (Lead Case)[1]
     ) (VARLAN/SHIRLEY)
KNOX COUNTY, TENNESSEE; )
MIKE LEDBETTER; JEFF JACKSON; )
GREG STINNETT; AARON YARNELL; )
RANDY HARRINGTON; BRAD HALL; )
JOHN DOE DEPUTY SHERIFFS; )
TIMOTHY HUTCHISON; and )
HARTFORD INSURANCE COMPANY, )
     )
    Defendants. )

## MEMORANDUM OPINION

This civil action is before the Court for consideration of five motions. Plaintiff has filed a Motion for Declaratory Judgment [Doc. 6] and a related Motion for 28 U.S.C. § 1927 Sanctions [Doc. 7]. Defendant Hartford Insurance Company has filed a Motion to Dismiss [Doc. 17]. In addition, defendant Hutchison, in his official capacity, has filed a Motion to Dismiss [Doc. 21]. Finally, defendant Hutchison, in his individual capacity, has filed a Motion for Summary Judgment [Doc. 26]. The Court will address each motion in turn.

---

[1] Pursuant to the Court's August 9, 2005 order [Doc. 25], civil actions 3:05-CV-248 and 3:05-CV-267 were consolidated, with 3:05-CV-248 designated as the lead case. Accordingly, all document references herein are to documents as they are numbered in 3:05-CV-248, unless otherwise noted.

## I. Plaintiff's Motion for Declaratory Judgment [Doc. 6]

Plaintiff's motion seeks declaratory judgment pursuant to 28 U.S.C. § 2201 that "service of process on the Knox County Law Director constitutes service of process on officers and employees of Knox County[,] Tennessee[,] in their official and individual capacities." [Doc. 6 at 1]. 28 U.S.C. § 2201 provides, "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." § 2201(a). The Federal Rules of Civil Procedure define a proper pleading as a complaint, an answer, a reply, a third-party complaint, and a third-party answer. *See* Fed. R. Civ. P. 7(a). A motion is not a pleading under the Federal Rules of Civil Procedure. *See id.*

A review of plaintiff's complaint in this case indicates that plaintiff seeks "damages caused by violations of her state and federal constitutional rights." [Doc. 1 at 1]. Plaintiff's complaint does not seek the declaratory relief plaintiff requests in her motion, and no other pleading has been filed seeking declaratory relief pursuant to 28 U.S.C. § 2201. Thus, the statute does not authorize the Court to grant declaratory relief in the manner plaintiff seeks it. Accordingly, plaintiff's motion will be denied.

## II. Plaintiff's Motion for 28 U.S.C. § 1927 Sanctions [Doc. 7]

Plaintiff's motion seeks sanctions pursuant to 28 U.S.C. § 1927 against counsel for Knox County as well as Carlton E. Bryant IV in the amount of attorney's fees and costs for "unreasonably and vexageously [sic] multiplying proceedings in this case." [Doc. 7 at 1].

Plaintiff's motion for sanctions, like her motion for declaratory judgment addressed above, arises from a dispute regarding service of process on officers and employees of Knox County. Plaintiff contends that service on the Knox County Law Director is sufficient to constitute service of process on officers and employees of Knox County without distinction as to whether the officer or employee is being sued in an official or individual capacity. [*See* Docs. 6, 7]. Defendant Knox County takes the position that the Law Director is only authorized to accept service of process on behalf of officers and employees who are sued in their official capacity.

The Federal Rules of Civil Procedure set forth the proper means of accomplishing service of process. *See* Fed. R. Civ. P. 4. Federal Rule of Civil Procedure 4(e) governs service of process upon an individual within a judicial district and states that service is properly effected pursuant to the law of the state or by delivering a copy of the summons to the individual personally. *See* Fed. R. Civ. P. 4(e). Service is also properly effected on an individual by leaving copies of the complaint and summons at the individual's dwelling or usual place of abode with a person of suitable age and discretion, by delivering copies to an authorized agent, or by mailing a copy of the complaint along with a request for waiver of summons. *See id.*

In contending that the Law Director is not an "authorized agent" suitable for service of Knox County officers or employees who are sued in their individual capacities, counsel for defendant Knox County and Mr. Bryant are presenting an argument contemplated by

3

Rule 4(e). Such an argument is neither unreasonable, vexatious, or "vexageous [sic]." Accordingly, plaintiff's motion will be denied.

### III. Defendant Hartford Insurance Company's Motion to Dismiss [Doc. 17]

Defendant Hartford Insurance Company seeks dismissal from this action pursuant to Fed. R. Civ. P. 12(b)(6), because plaintiff has failed to state a claim against it. [Doc. 17]. Plaintiff has failed to file any response or objection and the time for doing so has passed. *See* E.D.TN LR 7.1(a). "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D.TN. LR 7.2. The Court deems plaintiff's failure to respond a waiver of any opposition to defendant Hartford Insurance Company's dismissal from this action. Nevertheless, the Court will consider the merits of the motion.

Defendant Hartford Insurance Company contends that plaintiff has made no allegations of wrongful conduct against it, except that it is a surety on defendant Hutchison's secured bond pursuant to Tennessee Code Annotated §§ 8-8-103, 8-19-301, and 8-19-302. Defendant Hartford Insurance Company also contends that nothing in Tennessee law authorizes a separate cause of action on the official bond. For these reasons, defendant Hartford Insurance Company contends that plaintiff has failed to state a claim against it for which relief may be granted.

The Court has carefully reviewed plaintiff's complaint and can find no allegations against defendant Hartford Insurance Company, except those contained in paragraphs 9, 66, and 68. [*See* Doc. 1 at 3, 13]. These paragraphs do not allege defendant engaged in wrongful conduct. They only allege liability based upon the bond. Tennessee law does not create a

4

separate cause of liability based upon the sheriff's bond. *See Waters v. Bates*, F.Supp. 465-66 (E.D. Tenn. 1964). Thus, plaintiff has failed to state a claim against defendant Hartford Insurance Company for which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Accordingly, defendant Hartford Insurance Company's motion will be granted and it will be dismissed from further proceedings in this action.[2]

**IV.    Defendant Hutchison's (Official Capacity) Motion to Dismiss [Doc. 21]**

Defendant Hutchison, in his official capacity, seeks dismissal from this action pursuant because suit against him in his official capacity is "redundant and superfluous" since Knox County is also named as a defendant. [Doc. 6 at 1]. In opposition to the motion, plaintiff presents a litany arguments. [*See* Doc. 28].

"As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). *See also Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 n.55 (1978) ("official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) ("An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents."). Thus, when a government entity is sued along with an officer of that entity in his official capacity, naming the officer in the suit may be redundant and unnecessary, and

---

[2] Defendant Hartford Insurance Company filed an identical motion in 3:05-CV-267. [*See* Doc. 11 in 3:05-CV-267]. For the reasons set forth herein, that motion will also be granted.

5

the interests of judicial economy, efficiency, and clarity for jurors may be promoted by dismissing the redundant claim against the officer in his official capacity. *See Gallardo v. Bd. of County Comm'r*s, No. 94-4064-SAC, 1995 WL 106366, at *2 (D. Kan. Jan. 11, 1995) (citations omitted).

A review of the complaint reveals that defendant Hutchison is named only in counts eight and ten. [*See* Doc. 1]. Defendant Knox County is named in counts one, two, three, four, five, twelve, and thirteen. [*See* id.]. Thus, defendant Hutchison's motion is concerned with those counts that name defendant Hutchison as a defendant in his official capacity, and the Court must determine whether those counts are "redundant and superfluous" to those counts naming Knox County.

Count eight alleges that defendant Hutchison "failed and neglected to perform the duties required of him by law to trains his officers in (1) searches of residences and (2) arrest." [Doc. 1 at 11]. Although plaintiff cites no specific statutory authority imposing the duties alleged, if such duties exist, they would apply to defendant Hutchison only in his official capacity.[3] The allegations against defendant Hutchison in his official capacity in count eight bear a striking similarity to the allegations against Knox County in count one. In that count, plaintiff alleges, "Defendant Knox County[,] Tennessee failed to properly train its officers on (1) searches of residences and (2) arrest." [Doc. 1 at 6]. In light of *Graham*,

---

[3] The analysis that led to this conclusion is more fully discussed in section V of this memorandum opinion.

*Monell*, and *Claybrook*, the strong similarity between counts one and eight lead the Court to conclude that count eight is redundant. Therefore, it will be dismissed.

Turning to count ten, plaintiff alleges that she, "[A]s the beneficiary of official bonds made payable to the State of Tennessee, as provided for by T.C.A. [§] 8-18-301 [sic] [,] brings this action on relationship to the State of Tennessee as principal on [d]efendant Timothy Hutchison . . . ." [Doc. 1 at 13]. The correct statutory authority for plaintiff's allegation is Tenn. Code Ann. § 8-19-301, which sets forth the obligations of principals and sureties under Tennessee's official bond statutes. None of the counts alleged against Knox County repeat the allegations in count ten. Therefore, count ten is not "redundant and superfluous." It is well settled, however, that Tennessee law does not create a separate cause of liability based upon the sheriff's bond. *See Waters v. Bates*, F.Supp. 465-66 (E.D. Tenn. 1964). For that reason, count ten will be dismissed.[4]

## V. Defendant Hutchison's (Individual Capacity) Motion for Summary Judgment [Doc. 26]

Defendant Hutchison, in his individual capacity, seeks summary judgment as to counts eight and ten, because there is no genuine issue of disputed material fact and he is entitled to judgment. [*See* Doc. 26]. In opposition to the motion, plaintiff presents a litany arguments. [*See* Doc. 28].

---

[4] Defendant Hutchison, in his official capacity, filed an identical motion in 3:05-CV-267. [*See* Doc. 15 in 3:05-CV-267]. For the reasons set forth herein, that motion will also be granted as to counts eight and ten.

Under Fed. R. Civ. P. 56(c), summary judgment is proper if the record, taken as a whole, shows that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *See id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *See id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *See id.* at 250.

The facts relevant to defendant Hutchison's motion can be briefly summarized. Plaintiff's complaint alleges thirteen counts against various named defendants in their

individual and official capacities. Plaintiff states two causes of action against defendant Hutchison in counts eight and ten. In count eight, plaintiff alleges defendant Hutchison "is required to perform duties as Sheriff of Knox County by Tennessee law and Knox County law." [Doc. 1 at 11]. Plaintiff further alleges that defendant Hutchison "failed and neglected to perform the duties required of him by law to trains his officers in (1) searches of residences and (2) arrest." [*Id.*]. In count ten, plaintiff claims, "as the beneficiary of official bonds made payable to the State of Tennessee, as provided for by T.C.A. [§] 8-18-301 [sic] [,] brings this action on relationship to the State of Tennessee as principal on [d]efendant Timothy Hutchison . . . ." [Doc. 1 at 13]. The correct statutory authority for plaintiff's allegation is Tenn. Code Ann. § 8-19-301, which sets forth the obligations of principals and sureties under Tennessee's official bond statutes.

Defendant Hutchison contends that there is no genuine issue of disputed material fact and he is entitled to judgment as to count eight, because there is no individual duty to train employees. Count eight does not directly state whether defendant Hutchison is sued in his official or individual capacity, but it does refer to defendant Hutchison's "duties as Sheriff of Knox County." Based on that statement, the Court finds that count eight states allegations against defendant Hutchison only in his official capacity and will dismiss it for the reasons discussed in section IV of this memorandum opinion. Assuming *arguendo*, however, that count eight could be read to state allegations against defendant Hutchison in his official capacity, count eight will still be dismissed because there is no cause of action in Tennessee against a sheriff, in his individual capacity, for failure to train employees. *See Doe v. May*,

9

No. E2003-1642-COA-R3-CV, 2004 WL 1459402, at *5 (Tenn. Ct. App. June 29, 2004) (citing *Riley v. Newton*, 94 F.3d 632 (11th Cir. 1996)).

Defendant Hutchison also argues that there is no genuine issue of disputed material fact and he is entitled to judgment as to count ten. As the court has explained, it is well settled, however, that Tennessee law does not create a separate cause of liability based upon the sheriff's bond. *See Waters v. Bates*, F.Supp. 465-66 (E.D. Tenn. 1964). Therefore, count ten will be dismissed.

**VI.     Conclusion**

To briefly summarize, plaintiff's motion for declaratory judgment [Doc. 6] will be denied because 28 U.S.C. § 2201 does not authorize the Court to grant declaratory relief in the manner plaintiff seeks it. Plaintiff's motion for sanctions [Doc. 7] will be denied because presenting an argument contemplated by Rule 4(e) is neither unreasonable, vexatious, or "vexageous [sic]." Defendant Hartford Insurance Company's motion to dismiss it from this action [Doc. 17] will be granted because Tennessee law does not create a separate cause of liability based upon the sheriff's bond; therefore, plaintiff has failed to state a claim against it for which relief may be granted. Defendant Hutchison's official capacity motion to dismiss [Doc. 21] will be granted because count eight is redundant and count ten fails to state a cause of action under Tennessee law. Finally, defendant Hutchison's individual capacity motion for summary judgment [Doc. 26] will be granted in part, because there is no genuine issue of disputed material fact and defendant Hutchison is entitled to judgment as to count ten, and

denied as moot in part, because count eight only states allegations against defendant Hutchison in his official capacity that will be dismissed based on redundancy.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE